<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Nalin Edgardo Gudiel Rodriguez, | |
| *Petitioner*, | Civil Action No. 26-cv-00902 |
| v. | **OPINION AND ORDER** |
| Pam Bondi, *et al.* | April 16, 2026 |
| *Respondents*. | |

**SEMPER, District Judge**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Nalin Edgardo Gudiel Rodriguez ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his continued immigration detention. (ECF No. 1.) Respondents submitted a response with supporting documentation addressing the February 9, 2026 bond hearing. (ECF Nos. 4, 9.) Petitioner thereafter filed a motion seeking to enforce the writ and obtain release. (ECF No. 6.) The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Petition is **GRANTED IN PART**.

I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Petitioner commenced this action on January 29, 2026 by filing a habeas petition under 28 U.S.C. § 2241, asserting that his continued immigration detention is unlawful. (ECF No. 1.)

By Text Order dated February 3, 2026, the Court determined—consistent with *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (interpreting § 1225(b)(2)), *Rivas Rodriguez v. Rokosky,* No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec.

3, 2025) (interpreting § 1225(b)(1)), and other recent decisions in this District interpreting 8 U.S.C. § 1225—that Petitioner is properly detained under 8 U.S.C. § 1226(a), and therefore entitled to an individualized bond hearing. (ECF No. 2.) The Court ordered Respondents to provide such a hearing no later than February 10, 2026, and to report the outcome. (*Id.*)

Respondents thereafter advised that Immigration Judge Ramin Rastegar ("Judge Rastegar") conducted a bond hearing on February 9, 2026 and denied bond, finding Petitioner to be a flight risk. (ECF No. 4.) Petitioner subsequently filed a Motion to Quash and Enforce the writ, challenging the adequacy of that hearing and seeking immediate release. (ECF No. 6.) Respondents opposed, arguing that the hearing satisfied due process and that this Court lacks jurisdiction to reweigh the Immigration Judge's discretionary determinations. (ECF No. 9.)

The record reflects that Petitioner remains detained at the Elizabeth Detention Center under § 1226(a), following the denial of bond. (ECF Nos. 4, 9.) More recently, counsel for Petitioner has informed the Court that Petitioner has elected to pursue voluntary departure. (ECF No. 11.)

## II.    LEGAL STANDARD

### a.  Habeas Jurisdiction Under 28 U.S.C. § 2241

Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003). A petitioner is entitled to relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### b.  Bond Hearings: Due Process and Limits on Judicial Review

Although 8 U.S.C. § 1226(e) limits judicial review of discretionary bond determinations, habeas jurisdiction remains available to ensure that detention complies with the requirements of due process. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-2585, 2022 WL 574624, at

*2 (3d Cir. Feb. 25, 2022). A fundamentally fair bond hearing requires: (1) factfinding based on a disclosed record; (2) a meaningful opportunity to be heard; and (3) an individualized determination. *Id*. Courts, however, may not review discretionary evidentiary determinations, credibility findings, or the ultimate weighing of the evidence. *Id*. at *2–3.

### c. Constitutional Limits on Prolonged Immigration Detention

Separately, the Constitution imposes an independent limitation on the duration of civil immigration detention. The Third Circuit has read a reasonableness limitation into the statutory detention authority: detention is authorized only for a period reasonably necessary to serve the statute's regulatory objectives, and once detention becomes unreasonably prolonged the Government must justify continued custody with an individualized showing of necessity. *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 232–34 (3d Cir. 2011) (reading a "reasonableness" limitation into INA detention authority and requiring government justification after prolonged custody); *see also Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015) (reasonableness inquiry is fact-specific and "a function of the length of the detention"); *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 223–24 (3d Cir. 2018) (recognizing that prolonged detention may trigger heightened constitutional scrutiny). These decisions instruct courts to assess the totality of the circumstances—length of detention, likelihood of removal in the reasonably foreseeable future, who is responsible for delay, and whether conditions resemble penal incarceration—rather than applying rigid temporal rules. *See Diop*, 656 F.3d at 234.

### III.    DISCUSSION

### a. February 9, 2026 Bond Hearing

The Court first considers whether the February 9, 2026 bond hearing satisfied due process. The record reflects that Petitioner appeared with counsel and an interpreter, submitted evidence,

and presented arguments.  (ECF No. 9 at 1.)  Judge Rastegar issued a decision denying bond based on a finding of flight risk.  (*Id.*, ECF No. 4-1 at 1.)

To the extent Petitioner challenges Judge Rastegar's evaluation of evidence—such as the weight assigned to documentary submissions—those arguments fall squarely within the category of discretionary determinations that this Court lacks jurisdiction to review.  *See* 8 U.S.C. § 1226(e); *Ghanem*, 2022 WL 574624, at *2–3 (observing that § 1226(e) bars review of discretionary evidentiary determinations and that mere disagreement with credibility findings does not state a constitutional claim).  Disagreements regarding evidentiary weight or credibility do not, standing alone, establish a due process violation.  *See Jarbough v. Attorney General*, 483 F.3d 184, 189 (3d Cir. 2007) (recasting factual or discretionary challenges as due-process claims does not confer jurisdiction to reexamine credibility determinations).

This Court expresses no view as to the correctness of Judge Rastegar's ultimate determination, but the record compels a finding that Petitioner received a fundamentally fair bond hearing as ordered by this Court.  Any challenge to the discretionary decision of Judge Rastegar must be presented to the Board of Immigration Appeals.  Accordingly, the Petition will be **DENIED** to the extent it seeks relief based solely on alleged defects in that proceeding.

### b.  Constitutionality of Continued Detention

The inquiry does not end with the bond hearing.  Even where a fundamentally fair hearing has been provided, this Court must independently assess whether continued detention has become constitutionally unreasonable.

Petitioner has been detained since January 24, 2026, and the record suggests ongoing detention with no imminent removal.  (ECF No. 1 at 1; ECF No. 11.)  The Government has not provided any meaningful projection of when removal will occur, nor has it made an individualized

4

evidentiary showing that continued detention remains necessary to serve its regulatory purposes. (*See* ECF No. 9.)

Critically, Judge Rastegar's finding of flight risk—while sufficient to deny bond in the first instance—does not relieve the Government of its constitutional burden under *Diop* and its progeny. Continued detention must remain tethered to its purposes and supported by current, individualized justification.

Here, the totality of the circumstances weighs decisively in favor of relief. The record contains no indication that Petitioner's removal is imminent, particularly in light of his election to pursue voluntary departure. (ECF No. 11.) At the same time, Respondents rely exclusively on the prior bond determination and have failed to supplement the record with any updated evidence demonstrating that continued detention remains necessary to serve its regulatory purposes. (ECF No. 9.) This omission is especially significant given that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), a discretionary detention framework that inherently requires ongoing, individualized justification.

Under these circumstances, continued detention—without a renewed, individualized showing—no longer bears a reasonable relation to its regulatory purposes and therefore violates due process. *See Diop*, 656 F.3d at 234; *see also German Santos v. Warden Pike County Correctional Facility,* 965 F.3d 203, 211–16 (3d Cir. 2020). The present record contains no post-hearing justification for continued detention, and Respondents have neither sought to reopen the evidentiary record nor attempted to satisfy its constitutional burden.

Accordingly, immediate release is warranted.

IV.    **CONCLUSION**

5

For the foregoing reasons, the Court finds that although Petitioner received a bond hearing that satisfied the minimum requirements of due process, his continued detention is no longer constitutionally permissible.

**IT IS** on this 16th day of April, 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from custody within twenty-four (24) hours of the entry of this Order, subject to reasonable conditions of supervision consistent with 8 U.S.C. § 1226(a); and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that absent changed circumstances, Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that, to the extent Petitioner seeks further relief, the Petition is otherwise **DENIED**; and it is further

**ORDERED** that, in light of the relief granted herein, any an all pending motions are **DENIED AS MOOT;** and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**